Tilghman C. J.
The habeas corpus in this case was issued at the instance of Joseph Lee, for the purpose of obtainjng tjje custody of his children, Adelaide and Frances Lee, the former an infant of thirteen, the latter of nine years. The children are held by their mother, Barbara Lee^ formerly the wife of the said Joseph, from whom she was divorced for adultery, committed with John E. Addicks; She afterwards married Addicks, and has two children by him. The case was brought before the Court between two and three years ago, when on account of the tender age of the infants, it was judged improper to take them from the mother. The law was at that time .fully considered and declared by the Court. We are not confined to an abstract question on the rights of guardianship, but are to determine according to our discretion, on the expediency of delivering the infants to the custody of the father. The great object of the habeas corpus is to free the person from illegal restraint. That being done, the Court may proceed farther or not as circumstances require. These children do not stand before us in the same situation as formerly. The eldest has now arrived at a critical age; every moment is important; and the education of the next three years will probably be decisive of her fate. The case of the youngest is not so urgent. But it is important that the sisters should not be separated. When we decide for one, therefore, we must decide for both. I wish not to wound the feelings of the mother by unnecessary censure, but the case being brought before the Court, it is impossible to shut our eyes on the impropriety of her conduct. She was divorced from her first husband for a great crime, and whatever may be her opinion of her second marriage, we know that it is void by the law of this state. Yet I view her hot as a vulgar prostitute. Far from it.- She may have been ignorant of the law, which rendered her marriage' void, and it has not been suggested, that she hair been unfaithful to the man whom she now calls her husband. She is said to have received á good education in a convent in Canada, and having been married by her mother’s command, a,t too early an age, to a man with whom she had no previous acquaintance, she discovered, too late, that neither her years, her habits, ■her education, nor her disposition, accorded with those of her husband. Hence her guilt, and her misfortunes. She may be pitied, but cannot be justified. But what is to be said to *177 the claim of the father, who demands the custody of his children; who expresses his anxiety for their future welfare; who asserts l)is ability to protect and support them; and dedares his intention of placing them under the immediate superintendance of the mother of Mrs. Lee, or of -her brother, who is married to a respectable woman, and now resides at New York? What effect will the decision of this Court have on the morals of these children, from whom the unfortunate history of their parents can be no longer concealed ? If they are permitted to remain with their mother, will they’ not conclude that her conduct is approved ? There is one circumstance which has great weight with me. I am satisfied, that either from books, from conversation, or from the unfortunate speculation of her own mind, the mother has fallen into a fatal error, on a fundamental point of morals — the obligation of the marriage contract. It is the more incumbent on us, therefore, to guard the children against the consequences of this pernicious mistake, and to fortify their minds, by inspiring them with fixed principles on this essential article. At the present moment they may not reflect on the subject, but they'’ soon will; and when they inquire, why it was that they were separated from their mother, they will be taught, as far as our opinions can teach them, that in good fortune or in bad, in sickness or in health, in happiness or in misery, the marriage contract, unless dissolved by the law of the country, is sacred and inviolable. For these reasons, and many others which it is unnecessary to mention, I am of opinion, that the children should be delivered to their father. At the same time I recommend to him, not to be abrupt in their removal, but to conduct the matter so as to avoid a violent shock either to them or their mother.
Yeates J. and Brackenridge J. delivered opinions to the same effect, which the reporters have not been able to procure.